
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PLAZA BANK, | No. 13-15100 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00130-MMD-RJJ |
| v. | |
| ALAN GREEN; ALAN GREEN FAMILY TRUST, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted April 15, 2015[**]
San Francisco California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Defendants-Appellants Alan Green and the Alan Green Family Trust appeal the judgment in favor of plaintiff-appellee Plaza Bank. The district court granted summary judgment for the bank on its claim that the appellants fraudulently transferred property to avoid the bank's claim. The district court dismissed the appellant's counterclaims without leave to amend. We affirm.

The district court applied Nevada's Uniform Fraudulent Transfers Act ("UFTA"), codified in Chapter 112 of the Nevada Revised Statutes, to the appellants' property transfers and held they were fraudulent. The appellants contend that the district court erred, on the theory that applying the UFTA to the Trust's transfers conflicts with other Nevada statutory law giving fiduciaries unfettered discretion to transfer property any time and for any purpose. *See* Nev. Rev. Stat. § 163.270.

The appellants cite no authority for the contention that the UFTA should not apply to trusts in the same way it applies to other persons. To the contrary, the Nevada Revised Statutes explicitly define "person" to include trusts. Nev. Rev. Stat. § 0.039 (defining "person" as "a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, association, *trust*, or unincorporated organization")

2

(emphasis added); *see also* Nev. Rev. Stat. § 112.150 (UFTA definitions) ("'Debtor' means a *person* who is liable on a claim.") (emphasis added).

For purposes of the UFTA, it is also irrelevant whether the transferred properties secured the creditor's claim. The statute applies when there is a claim, regardless of whether or not it is secured. *See* Nev. Rev. Stat. § 112.150(3), (4) (defining "creditor" as any person who has a claim, and "claim" as any "right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated . . . secured, or unsecured").

The district court also properly concluded that the Trust's transfer of cash proceeds from a property sale to Green personally was fraudulent under Section 112.190 of the UFTA. *See* Nev. Rev. Stat. § 112.190. The district court cited six indicia of fraud surrounding the transfer, which the appellants fail to rebut. *See Sportsco Enters. v. Morris*, 917 P.2d 934, 938 (Nev. 1996) (shifting the burden of rebutting indicia of fraud to the debtor once a creditor establishes inadequacy of consideration and the debtor's insolvency). The appellants have shown no antecedent debt the transfer was made to satisfy, nor any contemporaneous transfer of property or value. *See* Nev. Rev. Stat. § 112.170.

Nor did the district court err by holding Green personally liable as the transferee of the fraudulent sale proceeds under Nevada Revised Statute Section

3

112.220(2)(a). There is a good faith defense to liability for such transfers, *see Herup v. First Boston Fin.*, *LLC*, 162 P.3d 870, 876 (Nev. 2007), but it does not help Green. As trustee of the Trust, Green conceived of and executed the transfer, and thus cannot show that he objectively had no reason to know of the transfer's fraudulent purpose. *See id.* (establishing that the good faith defense requires transferees of fraudulent transfers to "show objectively that he or she did not know or had no reason to know of the transferor's fraudulent purpose").

Finally, the district court did not err by dismissing the appellants' counterclaims for breach of contract and breach of the covenant of good faith and fair dealing without leave to amend. There was no legal basis for the counterclaims and thus any factual amendment would have been futile. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

**AFFIRMED**.